UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>Petition of KOZO TODO for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 | Case No.  5:22-mc-80248-EJD<br><br>**ORDER GRANTING PETITION TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Before the Court is Kozo Todo's ex parte application for an order under 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding. Petition, Dkt. No. 1. For the reasons discussed below, the Court **GRANTS** Petitioner's Petition to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782.

**I.      BACKGROUND**

Petitioner Kozo Todo is a sole proprietor doing business as Todo Dental Clinic ("the Clinic"). The Clinic's principal place of business is in Takaishi-shi, Osaka, Japan. Petitioner alleges that many patients of the Clinic find and contact the Clinic by searching for the Clinic on the Google search engine. Declaration of Kozo Todo ("Todo Decl.") ¶ 8, Dkt. No. 1. The Clinic maintains a business profile and appears on Google Maps. *Id.* ¶ 9. When prospective patients search for the Clinic on the Google search engine, the Clinic's Google Maps business profile and reviews and ratings of the Clinic are displayed as search results. *Id.* ¶ 10.

Google Maps is an online map service operated by Google. Google is a Delaware limited liability company with its principal office at 1600 Amphitheatre Parkway, Mountain View,

California. Declaration of Tomohiro Kanda ("Kanda Decl.") ¶ 5, Dkt. No. 1. Internet users with a Google account can write reviews and rate businesses that appear on Google Maps. All Google Maps reviews are public so anyone can see what was written by a reviewer. *Id.* The reviewer's displayed name is the name that is listed in the "About me page" of that user's Google account. *Id.* Google controls Google Accounts.

An anonymous individual, using the Google account with the display name of "*Lucy*" ("the Account"), posted a review of the Clinic to Google Maps and rated the Clinic with a one-star rating ("the Review"). Todo Decl. ¶ 11; Declaration of Yoshie Katsurada ("Katsurada Decl.") ¶ 4, Dkt. No. 1. Petitioner contends that the Review is false and has caused significant damage. Todo Decl. ¶¶ 12–14. Petitioner has been unable to identify the anonymous individual's identity. *Id.*

Petitioner alleges that the anonymous individual has committed a reputational tort pursuant to Articles 709 and 710 of the Civil Code of Japan, and Petitioner intends to file a civil lawsuit against the anonymous individual. *Id.* ¶¶ 16–18; Kanda Decl. ¶¶ 6–9. However, to file the civil lawsuit, the identity of the anonymous individual is necessary because Japanese law does not allow for lawsuits to be filed against anonymous persons. *Id.* ¶ 11. Therefore, Petitioner asks this Court to authorize limited discovery by serving a subpoena upon Google, which is located in this District, to discover personal identifying information that can be used to identify the identity of the anonymous individual.

**II.     LEGAL STANDARD**

Title 28 United States Code Section 1782(a) provides federal court assistance in gathering evidence for use in foreign proceedings. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a).

Even where the statutory requirements are met, the district court retains discretion in determining whether to grant an application under § 1782(a) and "may impose conditions it deems desirable." *Intel Corp.*, 542 U.S. at 260 (quotations and citation omitted). In *Intel*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a § 1782(a) request. *Id.* at 264. These considerations include: (1) "whether the person from whom discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–66.

### III.  DISCUSSION

#### A. Statutory Factors

In analyzing whether a petitioner meets the statutory requirements, the Ninth Circuit adopted a three-step approach. *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). A petitioning party must show: (i) the person or entity from whom discovery is sought "resides or is found" in this district; (ii) the discovery must be for the purpose of "use in a proceeding" before a "foreign or international tribunal;" and (iii) this application must be made by an "interested person" in the foreign judicial proceeding." *Id.* The Court finds that Petitioners satisfy the statutory criteria of 28 U.S.C. § 1782(a).

First, Petitioner satisfies the "resides or is found" requirement. In this district, business entities are "found" where the business is incorporated, is headquartered, or where it has a principal place of business. *See e.g.*, *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) ("A business entity is 'found' in the judicial district where it is incorporated or headquartered."); *In re Super Vitaminas, S.A.*, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (finding that an office within the district satisfies the requirement); *In re*

Case No.: 5:22-mc-80248-EJD
ORDER GRANTING PETITION TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

3

*TPK Touch Sols. (Xiamen) Inc.*, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (finding subpoenaed party was "found" within the district because it maintained an in-district office). Courts have also concluded that companies are found in a district where "they conduct systematic and continuous local activities in this district." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036–38 (N.D. Cal. 2016). Google is headquartered in and has its principal place of business in Mountain View, California.

Second, Petitioner has demonstrated that the discovery is sought for use in a proceeding before a "foreign or international tribunal." The Supreme Court has held that "foreign or international tribunal" refers to governmental or intergovernmental bodies. *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078, 2088 (2022). "Thus, a 'foreign tribunal' is one that exercises governmental authority conferred by a single nation, and an 'international tribunal' is one that exercises governmental authority conferred by two or more nations." *Id.* This requirement is not limited to adjudicative proceedings that are pending; § 1782(a) may be invoked where such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp.*, 542 U.S. 241 at 258–59. Petitioner indicates that the requested discovery relates to proceedings that are *going* to occur, but where the requested discovery is required to initiate the action. This clearly meets the requirements of a "foreign or international tribunal" under § 1782(a).

Finally, Petitioners satisfy the final prong. "Any interested person" includes "not only litigants before foreign or international tribunals, but also foreign and international officials as well as any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance." *Intel Corp.*, 542 U.S. 241 at 257 (quotations and citation omitted). Petitioners have demonstrated that they will be active litigants in the Japanese proceedings, thereby satisfying the "interested persons" requirement.

Accordingly, Petitioner has satisfied all statutory requirements.

Case No.: 5:22-mc-80248-EJD
ORDER GRANTING PETITION TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782
4

### B. *Intel* Factors

The *Intel* discretionary factors weigh in favor of granting Petitioners' request.

Turning to the first factor, the Court finds that the material is not within the jurisdictional reach of the foreign proceeding. The relevant inquiry is whether the evidence is available to the foreign proceeding or tribunal "because in some circumstances, evidence may be available to a foreign tribunal even if it is held by a non-participant to the tribunal's proceedings." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1039; *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016). "[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity." *In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568 at *4 (quotation marks omitted).

Here, Google will be a nonparticipant in the civil action that will be initiated in Japan and thus Google will be outside the foreign tribunal's jurisdictional reach. Further, Google resides in this district, beyond the jurisdiction of Japanese courts. Accordingly, this factor weighs in favor of granting Petitioner's request.

Likewise, the second factor favors granting the Petition. In consideration of the receptivity of the foreign court or tribunal, "[c]ourts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. Petitioner asserts that Japanese courts are receptive to United States discovery, and there is no restriction imposed by or any policies under Japanese law limiting U.S. federal court judicial assistance. Since there is nothing to suggest that the Japanese civil court would reject evidence obtained with U.S. federal-court assistance, this factor weighs in Petitioner's favor.

The third factor, which is whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," also weighs in favor of granting Petitioner's request. *Intel Corp.*, 542 U.S. at 265. "A perception that an

applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis. Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted). Petitioner maintains that it is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Japan or the United States. Kanda Decl. ¶ 16. Absent any evidence that Petitioner is attempting to circumvent foreign proof-gathering restrictions, this factor also weighs in Petitioner's favor.

Finally, the Court must consider whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Courts have found discovery requests to be intrusive or burdensome where they are overbroad and "not narrowly tailored temporally, geographically or in their subject matter." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1044. Petitioner's proposed subpoena seeks discovery of personal identifying information such as names, addresses, telephone numbers, and e-mail addresses, or information that will lead to the discovery of personal information such as the access log (the IP address and timestamp) for very limited periods of time. This information is stored by Google in the ordinary course of its business. Kanda Decl. ¶¶ 17–22; *see In re Frontier Co., Ltd.*, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (granting a § 1782 request to issue a subpoena for the name, address, email address, telephone number, and name and address on credit cards); *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *4–5 (N.D. Cal. Aug. 10, 2021) (authorizing nearly identical discovery as sought in this application). The Court concludes that these topics are relevant and narrowly tailored to the requested subject matter and, therefore, are not unduly intrusive or burdensome.

Accordingly, the Court finds that the *Intel* factors weigh in favor of granting Petitioner's request to serve a Section 1782 subpoena on Google.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's Petition to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782.

**IT IS SO ORDERED.**

Dated: September 30, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-mc-80248-EJD
ORDER GRANTING PETITION TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

7